**FILED**

JUN 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONNIE C. RESHARD,**<br>1435 4th Street, S.W.<br>Washington, D.C. 20024<br>202-554-9222,<br><br>**Plaintiff,**<br><br>Versus<br><br>**THE HONORABLE NORMAN Y. MINETA,**<br>**SECRETARY OF TRANSPORTATION,**<br>**UNITED STATES DEPARTMENT OF**<br>**TRANSPORTATION**<br>400 7th Street, S.W.<br>Washington, D.C. 20590,<br><br>**Defendant.**<br>_____/ | CASE NUMBER 1:06CV01136<br><br>JUDGE: John Garrett Penn<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 06/22/2006<br><br>**JURY ACTION** |

## COMPLAINT

1.  This is a Complaint for compensatory damages, punitive damages and back pay based on discrimination by race, gender and age and based on retaliation in the application for employment with the Office of the Secretary for the United States Department of Transportation. This Complaint alleges both disparate impact and intentional discrimination.

2.  ***JURISDICTION AND VENUE***: This Court has subject-matter jurisdiction over this matter pursuant to 28 USC §1331 (2000 ed.), 28 U.S.C. § 1346 (2000 ed.), 29 U.S.C.

1

§§ 633a, *et seq.* (2000 ed.) and 42 U.S.C. §§ 2000e, 2, 3, 16, 16a, 16b, *et seq.* (2000 ed.). *and* 42 U.S.C. §§ 1981(a), *et. seq.* (2000 ed.). Proper venue lies in this Court.

3.  **_PARTIES_**: Plaintiff, Connie C. Reshard is a black 58-year old female of African descent. She is a citizen of Washington, D.C. Defendant, the Honorable Norman Y. Mineta, Secretary of Transportation for the United States Department of Transportation. (Herein After, "DOT"). DOT is located in Washington, D.C. Secretary Mineta is the head of the agency.

4.  **_FACTS_**: On March 30, 2004, plaintiff applied for the position of Director, Office of Economics and Strategic Analysis OST-04-001-NG (Amended). Exhibit 1. Exhibit 1 is incorporated by reference as if it were stated verbatim herein. DOT advised plaintiff that the selection process takes approximately six- to eight weeks. On or about November 1, 2004, plaintiff requested a status report. Immediately the agency claimed to have selected another candidate, November 12, 2004 notification. The agency told plaintiff that she qualified for the position but that she was not referred for further consideration. Exhibit 1, Para. 1, P. 1, 8/31/2005. Plaintiff also applied for a similar position with the Federal Aviation Administration (Herein after "FAA") on May 5, 2004, Director, Office of International Aviation, EV-0340 02. The FAA suspended indefinitely the application process for filling the position. The FAA is a part of DOT.

5.  On December 17, 2004, plaintiff filed an informal complaint. Exhibit 1, Para. 2, P. 1, 8/31/2005. At one point DOT claimed that it issued a right to sue letter on February 5, 2005 when the administrative process had not been completed. Plaintiff had not even filed a formal complaint.

2

6.      On August 31, 2005, plaintiff filed a formal complaint. DOT alleged to have investigated the complaint. On September 12, 2005, DOT accepted the Formal Complaint. On January 24, 2006, DOT completed its investigation. On March 23, 2006, DOT issued a final decision with a finding of no discrimination and subsequently thereafter, DOT served the final decision on plaintiff.

## FIRST CAUSE OF ACTION

7.      Plaintiff was wrongfully discharged on January 4, 1988 after making formal administrative complaints of discrimination and retaliation and after filing a civil action in United States District Court for the District of Columbia, Civil Case No. 87-2794 based upon the same issues. Defendant maintains that plaintiff will never work in the federal service again and actively took steps to black list plaintiff from obtaining employment in general and at the Department of Transportation in particular, or at any other federal agency going forward and continuing. 42 USC §§ 2000e, 2, 3, 16, 16a, 16b, *et seq*.

8.      Since January 4, 1988, plaintiff has not obtained employment other than on a temporary basis.

9.      As a result of defendant's deliberate and intentional efforts to prevent plaintiff from securing employment in general and in particular, at the Department of Transportation or any other federal agency, defendant never considered plaintiff's application for employment for the Senior Executive Service position as Director of the Office of Economic and Strategic Analysis. Defendant's direct actions in retaliation led to the plaintiff not be awarded the position.

10.     Defendant's actions caused plaintiff harm.

3

## **SECOND CAUSE OF ACTION**

11. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 4 -10 of this Complaint, as if fully set forth herein.

12. Defendant discriminated against the plaintiff based upon her race on the basis of intentional actions and on the basis of disparate treatment. 42 USC §§ 2000e, 3, 16, 16a, 16b, *et seq.* Within the entire organization of the Office of the Secretary of the Transportation Department, there are disproportionate numbers of blacks in managerial positions and in the Senior Executive Service, as compared to whites.

13. Defendant intentionally took actions to prevent the plaintiff from securing this position based on her race. Plaintiff is highly qualified for the position as a lawyer and economist with direct experience. Were it not for defendant's long and continuing discrimination, plaintiff would have had even more experience for the position.

14. Defendant's actions caused plaintiff harm.

## **THIRD CAUSE OF ACTION**

15. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 4 - 14 of this Complaint, as if fully set forth herein.

16. Defendant discriminated against the plaintiff based upon her gender on the basis of intentional actions and on the basis of disparate treatment. 42 USC §§ 2000e, 3, 16, 16a, 16b, *et seq.* Within the entire organization of the Office of the Secretary of the Transportation Department, there are disproportionate numbers of women in managerial positions and in the Senior Executive Service, as compared to whites and males.

17. Defendant's actions harmed plaintiff.

## FOURTH CAUSE OF ACTION

18. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 4 - 17 of this Complaint, as if fully set forth herein.

19. Defendant discriminated against the plaintiff based upon her age on the basis of intentional actions and on the basis of disparate treatment. 29 USC §§ 633(a), *et seq*. Within the entire organization of the Office of the Secretary of the Transportation Department, there are disproportionate numbers of persons 55 years of age and older in managerial positions and in the Senior Executive Service as compared to younger ages.

20. Defendant's actions harmed the plaintiff.

21. **WHEREFORE**, plaintiff prays for an award of compensatory and punitive damages, back pay and attorney fees, expenses and costs in the amount of two million dollars exclusive of attorney fees, prejudgment interest, expenses and costs. 42 U.S.C. Section 1981(a), *et seq*. of the Civil Rights Act of 1991, PL-Law No. 102-166 (Section 102) allows punitive damages for intentional discrimination including malice and reckless indifference by the defendant.

**JURY DEMAND:** Plaintiff requests a trial by jury on all issues triable to a jury.

**Dated this 22nd day of June, 2006**

Connie C. Reshard, *Pro Se*
1435 4th Street, S.W., B-714
Washington, DC 20024
202-554-9222

**COMPLAINT OF DISCRIMINATION IN THE FEDERAL GOVERNMENT**
**SUPPLEMENT TO COMPLAINT OF CONNIE CORNELIA RESHARD**
**AUGUST 31, 2005**

**No. 3  Name of Office Which You Believed Discriminated Against You:**

Norman Y. Mineta
Secretary of Transportation
United States Department of Transportation
400 7th Street, SW, Room 10200
Washington, DC  20590

**No. 7. Explain how you believe you were discriminated against because of your race, color, religion, sex, national origin, age or handicap.**

**Race:**

I am the most qualified applicant for the position of Director, Office of Economic and Strategic Analysis, ES-301 in the Office of the Secretary, Office of the Assistant Secretary for Transportation Policy ((OST-04-001-NG) Amended), but I did not make the final list nor was I appointed to the position despite superior experience, education and training in both law and economics. The position requires both regulatory (law) and economic public policy skills both of which I possess.  I hold three academic degrees, two in economics and a juris doctor from one of the most respected law schools in the country, Georgetown University Law Center.  I have extensive background in higher education, in management in the federal service in economics and regulatory analysis for more than a decade and in private practice in the legal profession. DOT already has its quota of a black person who is also a black female in its management ranks at the Senior Executive Service (SES) level.  I was excluded because of my race.  I received an e-mail notification, dated November 12, 2004 indicating that I had not been selected.

On December 17, 2004, I filed an informal complaint with the appropriate official at DOT. Thereafter, DOT assigned the informal complaint to Sally Jenkins, an EEO Counselor.  The DOT counseling process and mediation failed to resolve the complaint.  On August 17, 2005, I received a written communication from Ms. Zee Grant indicating that I could now file a formal complaint of discrimination under the laws of the United States of America.  Efforts to resolve the informal complaint failed, in part because DOT officials did not take the complaint process seriously and acted in bad faith.  As recently as July 2005, I received an undated letter stating that I had been given a right to sue letter in February 2005, obviously a total error that is not based on the facts since I had never been given the opportunity after the EEO counselor investigation to file a formal complaint.

One reason my application was not considered appropriately is because of my pending racial discrimination litigation. I am Black, a female, now in my 50s who sought protection under the laws of the United States beginning in the early to mid-eighties against racial discrimination by DOT/OST in promotion, treatment and ultimately wrongful discharge/retaliation.  This led to

**COMPLAINT OF DISCRIMINATION IN THE FEDERAL GOVERNMENT**
**SUPPLEMENT TO COMPLAINT OF CONNIE CORNELIA RESHARD**
**AUGUST 31, 2005**

DOT's blacklisting me for future employment that impaired my professional growth and development. Formal litigation commenced on November 15, 1987. In addition to prior acts, I was denied the position because of my age, sex and race as current and continuing discrimination.

DOT treated my application differently than it did other applicants. I applied for the position by certified mail, facsimile and hand delivery on March 27, 2004. DOT refused to acknowledge the certified mail by not executing the return receipt, refused to provide justification for its decision not to hire me for the position and otherwise treated my application as if it did not exist. The reasons, if they exist, for not appointing me to this position are either non-existent or a pretext or both. After March 27, 2004, I made many telephone calls with voice mail messages to the Office of personnel and specifically to Nancy Gauthier, the person coordinating the application process. (1-877-995-1400). When I wrote to the Office of Personnel with a copy to The Honorable Emil Frankel Assistant Secretary for Transportation Policy on November 1, 2004 by certified mail, only then did I receive an e-mail stating that I was a qualified applicant but that my application was not referred to the appointing official for further consideration including appointment to the position. Clearly, a review of the applicants presented will show that I am the most qualified applicant and the failure of the DOT to appoint me is based in part on my race. DOT's prior and continuing efforts to stifle my professional appointment, growth and development as well as prohibit my re-employment with DOT is grounded in race, sex, age and retaliation on an ongoing basis. None of my communications to DOT beginning on November 1, 2004 have been acknowledged. Even the position in issue has been removed from the organizational chart on the official DOT website. Moreover, DOT refused to appoint anyone in the position as a delay tactic. Once I submitted written communication on November 1 and again on November 27, 2004, it was only at that point that DOT claimed to have filled the position. If and when DOT filled the position, it did so solely to void my application and potential EEO process. These acts together with this complaint all together, comprise a basis for punitive damages.

**Sex:**

DOT failed to appoint me to the position of Director, Office of Economic and Strategic Analysis, ES-301 in the Office of the Secretary, Office of the Assistant Secretary for Transportation Policy ((OST-04-001-NG) Amended) because of my sex. DOT gave preferential treatment to the mail applicants because it has reached its quota for women in leadership positions and in conjunction with my age as a female, made me undesirable.

**Age:**

I am a black female, who at the time of the application was 56 years of age. I was considered too old together with being a female, to bring the vigor and creativity necessary for the position required and at a point when I should be retiring.

**COMPLAINT OF DISCRIMINATION IN THE FEDERAL GOVERNMENT**
SUPPLEMENT TO COMPLAINT OF CONNIE CORNELIA RESHARD
AUGUST 31, 2005

**Reprisal:**

**One reason my application was not considered appropriately is because of my pending racial discrimination litigation, *Reshard v. Burnley, U.S. District Court for the District of Columbia, Civil Case No. 87-2794*.** I am Black, a female, now in my 50s who sought protection under the laws of the United States beginning in the early to mid-eighties against racial discrimination by DOT/OST in promotion, treatment, harassment and ultimately wrongful discharge/ongoing retaliation/reprisals. This led to DOT's continuing blacklisting me regarding employment in the position applied for on March 27, 2004 including the Federal Aviation Administration position, AWA-AIA-2004-1-10156, **on May 5, 2004 or** with anyone else and more specifically with the federal service. DOT/OST's actions then and now are impairing my professional growth and development. Should DOT contemplate a claim of lack of qualification/the most qualified for the position when it has continued to block my access to this position and many positions prior to this one, such a claim would be inconsistent with federal law.

**No. 9. What corrective action are you seeking?**

I am seeking the following:

> Appointment to this or another position in the federal service at the Senior Executive Position with back pay;

> Maximum compensatory damages not covered by back pay;

> Maximum punitive damages permitted by law;

> Injunctive relief from reprisals, racial discrimination, sex discrimination and age discrimination against employment and promotion; and

> Full employee benefits including retirement.