EXHIBIT F1

## AFFIDAVIT

CITY OF:   Washington, D.C.

I, Connie C. Reshard, make the following statement freely and voluntarily to Patrick J. Neri, who has identified himself to me as a Contract EEO Investigator for the following federal agency: Department of Transportation (DOT), investigating a complaint of discrimination filed by me, knowing that this statement may be used in evidence. I understand that this statement is not confidential and may be shown to the interested parties (those with a legal right to know). I hereby solemnly swear:

1.     My full name is Connie C. Reshard. I am now working as a temporary contractor. I previously worked as an Economist GM-14, at the Department of Transportation in the Office of the Assistant Secretary for Policy and International Affairs until I was allegedly fired on January 4, 1988. I am a black female, and my age is 57 (DOB: 12/27/47). I filed a prior EEO complaint in March 1987. I alleged a continuing pattern of racial discrimination beginning in 1981, stating that I was a victim of a pattern of continuing racial discrimination in the work environment, for example, in the area of promotion and improper performance appraisal.. It was filed against several officials in DOT including but not limited to Bruce Butterworth, Edward Oppler, Rosalind Ellingsworth and Arnold Levine. In October 1987, I filed a lawsuit in the United States District Court for the District of Columbia, Civil No. 87-2794, based on the administrative complaint of March 1987 as amended and as modified by wrongful discharge and other matters of a continuing nature, before, after and during the pendency of the litigation. The case is still pending. DOT allegedly fired me from the agency on January 4, 1988, even though DOT did not follow standard and required processing procedures. No official of the ~~agency ever~~ authorized my removal from federal service.

2.     The alleged discharge was in retaliation for filing the complaint and for seeking redress in federal court despite the fact that in 1987, DOT refused to investigate the complaint as amended. I have never had another permanent position since 01/04/1988. I am aware that DOT (for example, former Director of Personnel, Diana Ziedel) took steps to prevent me from obtaining gainful employment, including stacking my personnel folder with untrue and negative information and advising other federal institutions not to hire me. DOT even sent my personnel folder to the archives as if my employment was gone forever. Therefore, surely the DOT would not hire me now if it prevented other federal institutions from hiring me as set forth below.

Page 1 of 4

Initials _CR_

3. In March 27 2004, I applied for the position of Director, Office of Economic and Strategic Analysis, ES-301. I sent in my application by mail, fax, as well as having one personally delivered. (Attachment No. 1). I was told it had been received. (Acknowledgement E-Mail Attachment No. 2.) The position was re-advertised, and I was told I did not have to re-submit my application. I left various messages for Nancy Gauthier at DOT at 1-800-525-2878 in order to find out about the status of my application since the notice indicated that a decision would be made within six-weeks. (Attachment No. 2.) Ms. Gauthier did not respond to my periodic telephone voice mail messages. On November 1, 2004, I wrote a certified letter to the Office of the Secretary, HR Department, with carbon copy to The Honorable Emil Frankel, Assistant Secretary for Transportation Policy, but no official at DOT sent me a direct acknowledgement. (Attachment No. 3.) Instead, I received an E-Mail communication dated November 12, 2004. (Attachment No. 4.) The E-Mail stated that I had been found to be qualified for the position, but I did not make the best-qualified list. On November 29, 2004, I sent a second letter and delivered this one by private courier on the same day. (Attachment No. 5.) Within the statutory timeframe, I initiated the EEO process on or about December 17, 2004. I communicated with Frances Brown who advised that Zee Grant was now the EEO Counselor. Subsequently, DOT told me that the position had been filled in 2005 during the informal EEO Complaint process.

4. During the alleged selection process, I was not interviewed for the position. I never met the panel members who reviewed the applications. I do not recall whether I was told who was selected for the position because the E-Mail communication did not specify the identity or whether an applicant had been selected at that time on November 12, 2004. It is my view that DOT did not promptly complete the selection of a candidate because of the presence of my application. When I documented in writing DOT's failure to complete the selection process, DOT began a process to foreclose my selection by nearly rushing to select a candidate. Therefore, I could never get the position once a candidate was actually in the position.

5. I felt that I should have been selected based on my lengthy history of working as an Economist at the agency from September 1977 until January 1988. I went to law school at Georgetown, from 1981 to 1985 and received the jurisdoctor degree on May 27, 1985. Economics and law is a perfect complement for this position given the nature of public policy and economic regulation in the transportation sector. I had excellent performance appraisals at DOT until I applied for a management position at the GM-15 level in 1984. This change in my status regarding the performance appraisal process was the response by DOT to foreclose my professional growth and development including promotion. I managed outsourcing and research in the area of trucking, aviation and other transportation modes. I did an extensive paper on

Initials *CR*

the legal and economic regulation of interstate commerce involving the interstate Commerce Commission (ICC). My research led to a modification in the way intrastate commerce could be defined when intrastate commerce is part of an interstate commerce transaction, a loophole in the law formerly ignored or not known by the ICC or DOT. I have managed attorneys. I have practical experience in public policy. For example, I wrote about the legal aspects regarding negotiations with Japan and aviation issues at a critical time in our relationship with Japan during the 1980s. I have prepared briefing books for the Secretary and Deputy Secretary in the areas of trucking, railroads, and aviation. My work was always exceptional. I have been creative with solutions for problems. I worked well with officials in private industry, and I have assisted senior officials. I have participated at a high level in matters involving the United Nations, e.g., the International Civil Aviation Organization. I also participated on President Jimmy Carter's Reorganization Team that led to the enactment of the 1979 Trade Act.

6.      I now do mostly antitrust work on a temporary basis. I may or may not work at any given time. This state of affairs in my professional life is the direct result of DOT's action of continuing racial discrimination and retaliation.

7.      I feel I was discriminated against because of my race, sex, and age and in retaliation for using the EEO laws to redress such issues in the past and going forward. I have filed for many jobs since 1988 in both the private sector and federal service, and I have never been selected. I applied for work as an attorney in the U.S. Trade Representative's Office within months of my alleged discharge on January 4, 1988, and despite being told that I was being considered for the position that would soon be available, when I arrived for the interview, the then-general counsel told me that I would never get the job. I assert that officials at DOT prevented me from being considered or obtaining the position at the U.S. Trade Representative's Office and are actively using my EEO complaint and litigation as part of a continuing pattern of racial, sexual, and age discrimination and retaliation in order to make certain that I never ever get stable employment nor advance my career. DOT is aware that time is running out for me and it is a disgrace that a Democratic Government can without restraint successfully undertake the destruction of a U.S. citizen. These reason support the action of the DOT to not select me for the position of Director, Office of Economic and Strategic Analysis. This includes the Under Secretary, Jeff Shane and others at DOT. I am close to retirement in biological years, and I feel that younger employees are chosen and enjoy a priority over me as an older more experienced person. There are also only so many positions that are available for females and the Department continues to demonstrate a pattern of limiting the number of women, Blacks and older employees in Senior Executive Service positions.

Initials C.R.

I have read this statement, consisting of four (4) pages, and it is true, accurate, and correct to the best of my knowledge and belief. It is impossible to maintain that such a statement is complete because of the nature of this type of Document. This is not total direct testimony.

_Connie C. Reshard_
Signature

_01 / 07 / 2006_
Date

District of Columbia
Signed and sworn to before me

on this _07th_ day of _January 2006_

at _Washington D.C._

_El_
Neutral witness, notary, or investigator  VIKRAM Sond)

My Commission Expires _11·30·2006_

Page 4 of 4

Initials _CR_

March 27, 2004

**ATTN: (OST-04-001-NG) Amended**
U.S. Department of Transportation
Office of the Secretary (OST)
Human Resources Operations, M-16
400 Seventh Street, SW – Room 2225
Washington, DC 20590

Dear Madam or Sir:

This is to apply for the position of Director, Office of Economic and Strategic Analysis, Es-301 in the Office of the Secretary, Office of the Assistant Secretary for Transportation Policy recently advertised at www.jobsearch.usajobs.opm.gov.    Enclosed are a resume and Qualifications Statement for your review.

I could bring superior and creative expertise coupled with a diversified background in economics and law to this position. I am committed to sound public policy development as is demonstrated by my long history of public service.  I am dedicated to the principles of democracy, the fundamental foundation of our nation.   My verbal and advocacy skills, enhanced by prior experience in teaching in higher education, litigation and public service are perfect for this position as well as my long-term professional goals.

I would love a personal interview in order to discuss in detail the attributes I could bring to this position in the Office of the Secretary for the United States Department of Transportation at a critical time in our history.  Please call me at your earliest convenience.

Sincerely,

/s/

Connie Reshard

Enclosures

*Attachment No. 1*

P.O. BOX 70510 · WASHINGTON DC · 20024
PHONE. 202-554-7473· FAX. 202-554-74*1

creshard777@verizon.net

**From:**    HR. OST [OST.HR@ost.dot.gov]
**Sent:**    Thursday. April 01. 2004 9:15 AM
**To:**      creshard@conniereshard.com
**Subject:** Application status

Please do not reply to this message.  It has been sent automatically from an account that cannot receive replies.

This is to acknowledge receipt of your application for vacancy announcement OST-04-001-NG, Director, Office of Economic & Strategic Analysis, ES.  You will receive, upon completion of the staffing process, a second letter notifying you of the outcome of the merit promotion process.  The process takes approximately six weeks.

We thank you for submitting your application and encourage you to apply for other openings for which you are qualified.  You can call  DOT Connection at (202) 366-9392 or TDD (202) 366-7630.

Your interest in the Department is appreciated.

OST Human Resources Operations

*attachment No. 2*

1/5/2006

November 1, 2004

**CERTIFIED MAIL AND RETURN RECEIPT**

**ATTN. (OST-04-001-NG) Amended**
U.S. Department of Transportation
Office of the Secretary (OST)
Human Resources Operations, M-16
400 Seventh Street, SW – Room 2225
Washington, DC 20590

Dear Madam or Sir:

On March 27, 2004, I applied for the position of Director, Office of Economic and Strategic Analysis, ES-301 in the Office of the Secretary, Office of the Assistant Secretary for Transportation Policy advertised at www.jobsearch.usajobs.opm.gov. The announcement may have been amended several times. My repeated telephone calls have not been returned. Please advise as to the status of my application. I understand that Carl Swerdloff is acting director.

Sincerely,

/s/

Connie Reshard

cc:   The Honorable Emil Frankel
      Assistant Secretary for Transportation Policy


*Attachment No. 3*

From :    "HR, OST" <OST.HR@ost.dot.gov>   [+] **Date :** Fri, 12 Nov 2004 11:27:59 -0500
To :        <cresharc@conniereshard.com>   [+]
**Subject :** Application status

Please do not reply to this message. It has been sent automatically from an account that cannot receive replies.

The results of your application for the position OST-04-001-NG, Director, Office of Economic & Strategic Analysis, ES is as follows:

You were found to be qualified as indicated below:
You met the basic qualifications, however you did not make the best qualified list.

We thank you for submitting your application and encourage you to apply for other openings for which you are qualified. You can do so by visiting www.tasc.dot.gov or  www.tsa.dot.gov or call the DOT Connection at (202) 366-9392 or TDD (202) 366-7630.

Sincerely,

OST Human Resources Operations

*attachment No. 4*

November 29, 2004

**HAND DELIVERY**

**ATTN: (OST-04-001-NG) Amended**
U.S. Department of Transportation
Office of the Secretary (OST)
Human Resources Operations, M-16
400 Seventh Street, SW – Room 2225
Washington, DC  20590

Dear Madam or Sir:

On November 1, 2004, I wrote a letter regarding my application for the above referenced position to you with a copy to the Honorable Emil Frankel, Assistant Secretary for Transportation Policy.  A certified copy mailed to Assistant Secretary Emil Frankel has not been acknowledged.  On March 27, 2004, I applied for the position of Director, Office of Economic and Strategic Analysis, ES-301 in the Office of the Secretary, Office of the Assistant Secretary for Transportation Policy advertised at www.jobsearch.usajobs.opm.gov.  The announcement may have been amended several times.  The enclosed e-mail dated April 1, 2004, acknowledges the receipt of my application by the United States Department of Transportation. (Enclosure no. 1)

According to the enclosed e-mail dated November 12, 2004, I am qualified for the position but did not make the "best qualified list." (Enclosure no. 2).  Please be advised that I am challenging the list of best qualified ranking determination and I am requesting any and all rights required and permitted by the laws, by the rules and regulations and by the procedures of the United States Department of Transportation.

Sincerely,

/s/

Connie Reshard

Enclosures

cc:    The Honorable Emil Frankel
       Assistant Secretary for Transportation Policy

*attachment No. 5*

**Elizabeth Lytle**

| | |
|---|---|
| **From:** | pcneri [pcneri@verizon.net] |
| **Sent:** | Sunday, January 08, 2006 2:12 PM |
| **To:** | creshard |
| **Subject:** | Affidavit and rebuttal |

Ms. Reshard,

Please send me an email reply letting me know that you have received this message and attached information.

I received the fax of your signed affidavit. I have attached a summary of management's affidavits for your review and use in providing any additional rebuttal information you may wish to have included in the report of investigation.

Please let me know if you plan on providing rebuttal information. If you do, please sign and date your rebuttal, and send it to me by fax (703-764-5303), email, and regular mail to my address at:

4510 Sonata Court
Fairfax, Va 22032

It would be appreciated that if you plan on furnishing rebuttal information that you provide it as soon as possible.

Thank you,

Pat Neri
703-304-3301

1/9/2006

Memorandum For:  Ms. Connie Reshard

From:  Patrick J. Neri

Subject:  Information for Rebuttal

I have summarized below the affidavits provided by the management officials with regard to your complaint of discrimination.  Please review the information and provide me with any rebuttal information you wish to have included in the report of investigation.

Your rebuttal may be sent to me in memorandum format.  Please send it to me by email at pcneri@verizon.net , fax it to me at 703-764-5303, and mail it to me at the following address:

4510 Sonata Court
Fairfax, Va 22032

The summary is as follows:

Nancy L. Gauthier (Human Resource Specialist):

Applications were clocked in on the date on which they were received, and a notice of receipt was sent to the applicant.  She reviewed the applications for basic qualifications, and they were sent to a panel for review.  Applications from SES employees, those with reinstatement eligibility, or those certified graduates of an OPM approved candidate development program went directly to the selecting official and did not have to be reviewed by the panel.  The panel members rated the applications based on the crediting plan which resulted in the creation of a best qualified list.  Your application was received on March 31, 2004, and an email message was sent to you notifying you of the receipt of your application.  You were rated as minimally qualified in each factor and not included on the best qualified list.  There was no deviation from the normal way of processing applications or filling vacancies.  Jack Wells was selected for the position.  The reasons for not making the best qualified list were explained to you at a mediation meeting.  There was never any discussion of your race, sex, age, or prior EEO activity.

Jane Bachner (panel member and Deputy Associate Administrator for Policy and Program Development, Federal Railroad Administration):

She was a panel member who reviewed the applications for the position of Director, Office of Economic and Strategic Analysis.  She and the other panel members separately reviewed each application.  They then met to discuss their ratings and arrived at a ranking order grouping applicants by highly qualified, well qualified, and minimally qualified.  Each applicant was rated against the technical rating criteria.  She never met you, and she rated you as minimally qualified.  You did not talk much about the requirements in the technical criteria.  You only described working in the area of air with a little in trucking,

and there was not much in the area of economic analysis. The applicants that made the best qualified list had a great deal of economic analysis and had worked extensively with senior officials. They also had both broad experience in many modes with a great depth of work in those areas. There was never any discussion of race, sex, age, or EEO activity.

Sherri Alston (panel member and Director, Office of Transportation Policy Studies):

She reviewed and ranked each application by comparing it with the criteria provided to determine who was highly, well, or minimally qualified in each of the technical requirement areas. The applications were compared to the criteria and not to one another. She remembered that you had limited experience in the technical requirement areas, and you did not adequately address the qualification requirements. Those making the best qualified list did a better job of addressing the criteria. You focused more on attending meetings than on the technical work areas. Your experience in those areas was limited. There was never any discussion of race, sex, age, or EEO activity.

Bruce Carlton (panel member and Associate Administrator for Policy and International Trade):

He read through éach of the applications given to him, and he rated them based solely on the documentation provided. He examined the answers on the applications to the criteria. He also looked at the applicants' experience. He compared their information to the mandatory technical skills of the position as well as the managerial requirements. Each application was judged against the three technical requirements. He prepared his own ratings and then met with the other panel members. They all rated you in the same way. He recalled your highest grade in government as a grade 14, and your area of expertise seemed to be as an attorney and not as an economist. Those applicants that were rated as highly qualified and made the best qualified list were judged to have had extensive experience in the technical requirements. There was never any discussion of race, sex, age, or EEO activity.

# PRIVACY ACT NOTICE TO COMPLAINANT
# FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW

## GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

## AUTHORITY

The authority to collect the information requested by this interview is derived from one or more of the following:

Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

## PURPOSES AND USES

The information you supply will be used along with data you supplied previously and information developed by investigation to resolve your equal employment opportunity discrimination complaint. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve your equal employment opportunity discrimination complaint. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, or to others for uses as published in the Federal Register.

## EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary. However, failure to furnish the information will result in your complaint being returned without action and being recommended for cancellation for failure to prosecute.

_____
Signature of Interviewer

_____
Date

_____
Signature of Complainant

Starbucks 22nd & K St NW DC
_____
Place