# AFFIDAVIT

CITY OF:

I, Sherri Y. Alston, make the following statement freely and voluntarily to Patrick J. Neri, who has identified him/herself to me as a Contract EEO Investigator for the following federal agency: U.S. Department of Transportation (DOT), investigating a complaint of discrimination filed by Connie Reshard, knowing that this statement may be used in evidence. I understand that this statement is not confidential and may be shown to the interested parties (those with a legal right to know). I hereby solemnly swear or affirm:

1.  My full name is Sherri Y. Alston. I am the Director, SES, Office of Transportation Policy Studies, Office of Policy and Governmental Affairs, Federal Highway Administration (FHWA), DOT. I have been in my position since 1996. My immediate supervisor is Charles Nottingham, Associate Administrator, and my second level supervisor is Richard Capka, Acting Administrator for FHWA. I am an African American female, and I am 62 years of age (DOB: 3/11/43). I have not filed an EEO complaint, and I was not aware of any prior EEO activity of Ms. Reshard. I do not recall ever meeting Ms. Reshard.

2.  I was contacted by Human Resources and asked to sit on a panel to review applications for those applying for the position of Director, Office of Economic and Strategic Analysis. I was provided with a package or applications. I reviewed and ranked each one by comparing them with the criteria provided to us to determine if they were highly, well, or minimally qualified in each of the three technical requirement areas. I compared each application to the criteria and did not compare them to one another.

3.  I subsequently met with each of the other two panel members to discuss our ratings. We talked about our rationale in how we arrived at our rankings of each applicant. We then provided our ratings to Human Resources.

4.  I do not recall much of Ms. Reshard's application. I do remember that I felt she had limited experience in the technical requirement areas, and I did not feel she adequately addressed the qualification requirements. That was why she was rated as minimally qualified. The applicants that eventually were placed on the best qualified list did a better job of addressing the criteria against which they were being judged. Ms. Reshard's application just did not do a good job of addressing the technical areas of the position. I recall that she focused more on attending meetings than on the technical work areas. ~~She was also an attorney and not an economist.~~ Her experience in the technical areas was limited. I cannot recall any other specific information about the rating process except to say again that each applicant was rated against the criteria and not against one another.


5.  Ms. Reshard was not singled out in any way. There was never any discussion of the race, age, sex, or prior EEO activity of her or any of the other applicants.

*SA* I have read this statement, consisting of *two* pages, and it is true, complete, and correct to the best of my knowledge and belief.

_____Sheri Y. Alston_____
                Signature

_____11/25/05_____
                Date

Signed and sworn to before me
on this ____ day of _____, ____,
at _____.

_____Patty M._____
Neutral witness, notary, or Investigator

# PRIVACY ACT NOTICE TO EEO COMPLAINT INTERVIEW WITNESSES
# (OTHER THAN COMPLAINANT)
# FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW

## GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

## AUTHORITY

The authority to collect the information requested by affidavit, statement or other type of testimony is derived from one or more of the following:

Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

## PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the equal employment opportunity (EEO) complaint of discrimination and/or reprisal. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the EEO complaint of discrimination and/or reprisal. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, or to others for uses as published in the Federal Register.

## EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary; however, failure to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you up to and including removal. Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

_____    _____
Signature of Interviewer         Signature of Affiant

_____    _____
Date                             Place