EXHIBIT F5

## AFFIDAVIT

CITY OF:     Washington, D.C.

I, Bruce J. Carlton, make the following statement freely and voluntarily to Patrick J. Neri, who has identified him/herself to me as a Contract EEO Investigator for the following federal agency: U.S. Department of Transportation (DOT), investigating a complaint of discrimination filed by Connie Reshard, knowing that this statement may be used in evidence. I understand that this statement is not confidential and may be shown to the interested parties (those with a legal right to know). I hereby solemnly swear:

1.      My full name is Bruce J. Carlton. I am the Associate Administrator for Policy and International Trade, SES, Maritime Administration, DOT. I have been in my position for ten years. My immediate supervisor is Deputy Administrator John Jamian. I am a Caucasian male, and I am 57 years of age (DOB: 9/10/48). I have not filed an EEO complaint, and I was not aware that Ms. Reshard had any prior EEO complaint activity. I have never met Ms. Reshard.

2.      I was asked by Human Resources in the Office of the Secretary to sit on a panel to review the applications for individuals applying for the position of Director, Office of Economic and Strategic Analysis. I was given a package of applications and resumes, and I read through all of them. I scanned through each one before doing a more in depth review. I rated each of the applicants based solely on the documentation given to me. I examined their answers to the various questions and looked at their experience. I compared their answers and information to the mandatory technical skills of the position as well as the managerial requirements. There were three technical requirements, and each application was judged against the criteria. I did not compare one applicant against another applicant. I prepared my own ratings based on the criteria given to me as to whether each applicant was highly, well, or minimally qualified in the three areas of technical requirements.

3.      I subsequently met with the other two panel members to discuss our ratings. We had a candid discussion concerning our individual assessments of each applicant and to reach, where possible, consensus as to the rating our panel would forward to the selecting official. In some cases, such as that of Ms. Reshard, our individual ratings were the same in all three areas. As with the individual ratings, each applicant was rated against the criteria. There was no comparison of one applicant against another. I left feeling confident that we had done a good job of fairly rating each person.

4.      I can only recall a few reasons at the time of this interview as to why Ms. Reshard was rated as minimally qualified. Her highest grade in government service was a GS-14. Her area of expertise appeared to be as an attorney and not as an economist. I cannot recall too much else about my rating of her application except to

Initials BJC

state that she and each of the other applicants were rated based on the criteria given to us. Those that made the best qualified list were judged by me and the other panel members to have had extensive experience in the technical requirements of the position. There was never any discussion of the race, sex, age, or EEO activity of Ms. Reshard or any of the other applicants.

5.    I have subsequently re-read Ms. Reshard's resume and her narratives about her experience, accomplishments and knowledge, to refresh my recollection. I now recall that for both the managerial requirements (5) and technical requirements, Ms. Reshard did not address the three requirements individually as directed in the vacancy announcement. I recall that when I performed my individual rating of Ms. Reshard's applicaton, I determined that the narrative provided failed to demonstrate a level of competency above "minimally qualified."

I have read this statement, consisting of ___2___ pages, and it is true, complete, and correct to the best of my knowledge and belief.

_____
                        Signature

_____
12/1/05
                        Date

Signed and sworn to before me
on this ____ day of _____, _____,
at _____.

_____
Neutral witness, notary, or Investigator

Initials

# PRIVACY ACT NOTICE TO EEO COMPLAINT INTERVIEW WITNESSES (OTHER THAN COMPLAINANT) FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW

## GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

## AUTHORITY

The authority to collect the information requested by affidavit, statement or other type of testimony is derived from one or more of the following:

Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

## PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the equal employment opportunity (EEO) complaint of discrimination and/or reprisal. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the EEO complaint of discrimination and/or reprisal. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, or to others for uses as published in the Federal Register.

## EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary; however, failure to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you up to and including removal. Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

_____      _____
Signature of Interviewer                             Signature of Affiant

                                                            Washington, DC

_____      _____
Date                                                         Place