## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| CONNIE RESHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1136 (JGP) |
| ) | |
| NORMAN Y. MINETA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### <u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Defendant, by undersigned counsel, respectfully moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment on the grounds that no genuine issue of material fact exists and the Defendant is entitled to judgment as a matter of law. In support of this Motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities, Statement of Material Facts Not in Dispute and Exhibits. A proposed order is also attached.

Respectfully submitted,

___/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
Assistant United States Attorney

___/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

___/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

Of Counsel:
Thomas Mahoney
Office of the General Counsel
U.S. Department of Transportation

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
CONNIE RESHARD,             )
                              )
        Plaintiff,       )
                              )
           v.          )      Civil Action No. 06-1136 (JGP)
                              )
NORMAN Y. MINETA,     )
                              )
        Defendant.     )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.**    **INTRODUCTION**

      Plaintiff alleges that she was discriminated against on the basis of her race

(Black), gender (female), age (56) and reprisal (prior EEO activity) when she was not

selected for a Senior Executive Service Position in the Office of the Secretary of

Transportation (OST). Defendant moves for summary judgment on the grounds that no

genuine issue of material fact exists and Defendant is entitled to judgment as a matter of

law.

**II.**    **STATEMENT OF FACTS**

      Defendant incorporates by reference the Statement of Material Facts Not in

Genuine Dispute attached to Defendant's Motion for Summary Judgment.

**III.**    **ARGUMENT**

      **A.**    **Summary Judgment Standard**

      Under Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to

summary judgment if there is no genuine issue of material fact in dispute.  Tao v. Freeh,

27 F.3d 635, 638 (D.C. Cir. 1994).  Under the summary judgment standard, the moving

party bears the "initial responsibility of informing the district court of the basis for its

motion, and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits which it believes

demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986).  Plaintiff, in response to Defendant's motion, must identify for

the Court specific facts showing that there is a genuine issue for trial.  Id. at 324.

Although a court should draw all inferences from the supporting records

submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is

not sufficient to bar summary judgment.  See Anderson v. Liberty Lobby, Inc, 477 U.S.

242, 248 (1986).  To be material, the factual assertion must be capable of affecting the

substantive outcome of the litigation; to be genuine, the issue must be supported by

sufficient admissible evidence that a reasonable trier-of-fact could find for the

nonmoving party.  Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987);

Liberty Lobby, 477 U.S. at 251 (the court must determine "whether the evidence presents

a sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law").  "If the evidence is merely colorable, or is

not sufficiently probative, summary judgment may be granted."  Liberty Lobby, 477 U.S.

at 249-50 (internal citations omitted).

"Mere allegations or denials in the adverse party's pleadings are insufficient to

defeat an otherwise proper motion for summary judgment."  Williams v. Callaghan, 938

F. Supp. 46, 49 (D.D.C. 1996).  The adverse party must do more than simply "show that

there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v.

2

Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Instead, while the movant bears the initial

responsibility of identifying those portions of the record that demonstrate the absence of

a genuine issue of material fact, the burden shifts to the non-movant to "come forward

with 'specific facts showing that there is a genuine issue for trial.'"  Id. at 587 (citing

Fed. R. Civ. P. 56(e)) (emphasis in original).

　　　　Importantly, "[w]hile summary judgment must be approached with specific

caution in discrimination cases, a plaintiff is not relieved of [his] obligation to support

[his] allegations by affidavits or other competent evidence showing that there is a

genuine issue for trial."  Morgan v. Fed. Home Loan Mortgage Corp., 172 F.Supp.2d 98,

104 (D.D.C. 2001) (quoting Calhoun v. Johnson, No. 95-2397, 1998 WL 164780, at *3

(D.D.C. Mar. 31, 1998), aff'd, No. 99-5126, 1999 WL 825425, at *1 (D.C. Cir. Sept. 27,

1999)). See also Marshall v. James, 276 F. Supp. 2d 41, 47 (D.D.C. 2003) (special

caution "does not eliminate the use of summary judgment in discrimination cases").

"Summary judgment is not a 'disfavored procedural shortcut,' but is an integral

procedural tool which promotes the speedy and inexpensive resolution of every case."

Marshall, 276 F. Supp. 2d at 47 (quoting Celotex Corp., 477 U.S. at 327).

　　　**B.　　Legal Standards Applicable to Claims of Employment Discrimination.**

　　　　The ultimate issue in an employment discrimination case is whether the Plaintiff

has met her burden of demonstrating that the adverse employment action, if

discrimination, or materially adverse consequences, if retaliation, complained of was

motivated, at least in part, by intentional discrimination or retaliation.  Where, as here, a

Plaintiff offers no direct evidence of discrimination, Plaintiff may create a triable issue of

discrimination or retaliation by relying on the familiar framework first enunciated by the

United States Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 803-805 (1973).  <u>See also</u> <u>Cones v. Shalala</u>, 199 F.3d 512, 516 (D.C. Cir. 2000).

It should be remembered, however, that at all times the burden of proof remains with the Plaintiff even when the Plaintiff's case is built on inferential evidence under the <u>McDonnell Douglas</u> analysis.  In the summary judgment context, the central inquiry remains the evidence, or lack thereof, of discrimination or retaliation in a particular case.  The Court should weigh whether the Plaintiff has proof that would permit a reasonable jury to conclude that discrimination was a motivating factor for the challenged action, looking to Defendant's legitimate, non-discriminatory or non-retaliatory reasons for the challenged decision and the evidence as a whole, in order to determine whether there is a need for trial.  <u>See, e.g.</u>, <u>Holcomb</u>, 2006 WL 45853 at *5 (quoting <u>Lathram v. Snow</u>, 336 F.3d 1085, 1088 (D.C. Cir. 2003)).  <u>See also</u> <u>Brown v. Small</u>, 2006 WL 1888562 at *5 (D.D.C. July 7, 2006) (RBW) (Plaintiff must show that a reasonable jury could conclude from all of the evidence that the adverse employment action was made for a discriminatory reason).

Under the <u>McDonnell Douglas</u> test, Plaintiff has the initial burden of proving by a preponderance of the evidence a <u>prima facie</u> case of discrimination.[1]  <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981).  If the Plaintiff is able to establish a <u>prima facie</u> case, then the Court should weigh Defendant's legitimate, nondiscriminatory reason or reasons with any evidence Plaintiff presents that

_____

[1] Age discrimination claims are resolved under the burden-shifting standard first set forth in <u>McDonnell-Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  <u>See</u> <u>Teneyck v. Omni Shoreham Hotel</u>, 365 F.3d 1139, 1155 (D.C. Cir. 2004).

Defendant's stated reason merely was a pretext for discrimination.  Id.  At all times, Plaintiff retains the ultimate burden of persuasion to demonstrate that she was in fact the victim of intentional discrimination or retaliation.  Burdine, 450 U.S. at 252-53.

A Plaintiff must present substantial and credible evidence of discrimination in order to survive a motion for summary judgment.  See Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) ("Accepting [some] conclusory allegations as true, therefore, would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."); Carpenter v. Federal Nat'l Mortgage Ass'n, 165 F.3d 69, 72 (D.C. Cir. 1999) (if plaintiff merely shows that the legitimate nondiscriminatory reason offered by the employer is a pretext for a decision intending to cover up an unsavory reason -- but one that is not illegal under the antidiscrimination law,  the plaintiff is not entitled to try issues of fact, and summary judgment for the employer is appropriate.); Hastie v. Henderson, 121 F.Supp.2d, 72, 77 (D.D.C. 2000) aff'd, No. 00-5423, 2001 WL 793715 (D.C. Cir. 2001)("To defeat a motion for summary judgment, a plaintiff cannot create a factual issue of pretext with mere allegations or personal speculation, but rather must point to 'genuine issues of material fact in the record.'"); Woodruff v. DiMario, 164 F.Supp. 2d 1, 5 (D.D.C. 2001). Additionally, there will be "instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact finder could conclude that the action was discriminatory." Wagered v. Georgetown University, 120 F.Supp.2d 1, 22 (D.D.C. 2000), quoting, Reeves, 530 U.S. at 148.

### C.    Deference due to Agency Decisions

Before turning to the merits, a brief word is in order concerning the scope of review in employment discrimination cases.  Though Plaintiff might wish it otherwise, the employment discrimination statutes did not transform federal courts into review boards for local employment decisions.  "Title VII, it bears repeating, does not authorize a federal court to become 'a super-personnel department that reexamines an entity's business decisions.'"  Barbour v. Browner 181 F.3d 1342, 1346 (D.C. Cir. 1999) (quoting Dale v. Chicago Tribune Co., 797 F.2d 458, 464 (7th Cir. 1986)).  To the contrary, a court "may not 'second-guess an employer's personnel decision absent demonstrably discriminatory motive.'"  Fischbach v. District of Columbia Dep't of Corrections, 86 F.3d 1180, 1183 (D.C. Cir. 1996) (quoting Milton v. Weinberger, 696 F.2d 94, 100 (D.C. Cir. 1982)).  See also Barnette v. Chertoff, 453 F.3d 513 (D.C. Cir. July 7, 2006).

### D.    Defendant Has Articulated Legitimate Nondiscriminatory Reasons for its Actions

The record shows that the Plaintiff has established a prima facie case of race and sex discrimination.  As we set forth below, Defendant has articulated non-discriminatory reason for its actions.

There were three ratings utilized by the panel: highly qualified, well qualified, or minimally qualified for the factors involved. Plaintiff did not make the best qualified list based on the review by the panel.    The panel rated the Plaintiff as minimally qualified in each of the technical qualification factors. Thus, she was not included on the best qualified list. (ROI Ex F2; FAD p 14).   Furthermore, all three panel members, after reviewing Plaintiff's application, came to the independent conclusion that she was only

6

minimally qualified. Thus, she was not referred to the selecting official for consideration. (ROI Exs. F 3, 4 and 5).

Panel Member Jane H. Bachner, the Deputy Associate Administrator for Policy and Program Development (SES), Federal Railroad Administration, DOT, was provided with copies of the applications and the panel members separately reviewed each application. Affidavit of Jane H. Bachner, ROI Ex. F3. The panel members met as a group. They arrived at a ranking order and grouped the applicants by those who were rated as highly qualified, well qualified and minimally qualified. (ROI Ex F3).

Ms. Bachner rated each application against the technical rating criteria and not against the other applicants. Ms. Bachner only rated the plaintiff based on the information provided in her application and that rating was MQ. (Id. ¶3)

Ms. Bachner had never met the plaintiff. Plaintiff did not say much about the requirements in the technical criteria. The plaintiff only described working in the area of "air" with a little in trucking, but there was not much in the area of economic analysis. (Id. ¶3)

Plaintiff was rated based on whether her experience was extensive, significant, or limited as described in the criteria. Plaintiff mentioned some of her experience in economic analysis in passing, but she did not describe it much in depth. (Id. ¶3) The applicants who made the best qualified list had a great deal of economics analysis experience and had worked extensively with senior officials. (Id. ¶4). These applicants also had both broad experience in many modes of transportation and had a great depth of work in those areas.

There was never any discussion or consideration of the race, sex, age or EEO

7

activity of Ms. Reshard or any of the other applicants. (Id. ¶5). In fast, Ms. Bachner was unaware of any EEO complaint filed by Plaintiff. (Id ¶1).

Panel Member Sheri Y. Alston, Director, SES, Office of Transportation Policy Studies, Office of Policy and Governmental Affairs, Federal Highway Administration, reviewed the package of applications and ranked each one by comparing them with the standard criteria provided to determine if each applicant was highly, well or minimally qualified in each of the three technical requirement areas. Affidavit of Sheri Y. Alston, ROI Ex. F4.  She compared each application to the criteria and did not compare them to one another. (Id. ¶2).

Ms. Alston met with each of the other two panel members to discuss their ratings. They talked about their rationale in arriving at their rankings for each applicant and then provided their ratings to Human Resources. (Id. ¶3)

Plaintiff was rated minimally qualified because she had limited experience in the technical requirement areas. Moreover, the plaintiff did not adequately address the qualifications requirements for the position. In Ms. Alston's judgment, the applicants that eventually were placed on the best qualified list did a better job of addressing the criteria against which they were being judged.  (Id. ¶4)

Plaintiff's focus on attending meetings, rather than on the technical work areas, was not sufficient to meet the job requirements.  Plaintiff's experience in the technical areas was not sufficient to meet the job requirements.  (Id. ¶4).

Plaintiff was not singled out in any way and there was never any discussion of her race, age, sex, or prior EEO activity or that of any of the other applicants.  (Id. ¶5). Indeed, Ms. Alston was unaware of Plaintiff's prior EEO activity. (Id. ¶1).

8

Panel Member Bruce J. Carlton, the Associate Administrator for Policy and International Trade (S), Maritime Administration, DOT, rated each of the applicants based solely on the documentation given to him and compared their answers and information to the mandatory technical skills of the position as well as the managerial requirements. Each application was judged against the criteria. Affidavit of Bruce J. Carlton R.I. Ex. F 5, ¶2.

Mr. Carlton did not compare one applicant against another applicant.  He prepared his own ratings based on the criteria given to him as to whether each applicant was highly, well, or minimally qualified in the three areas of technical requirements. (Id. ¶2).  Mr. Carlton performed his individual rating of the plaintiff's application. He determined that the narrative provided failed to demonstrate a level of competency above minimally qualified (Id. ¶4).

After reviewing the packages, the panel members had a candid discussion concerning their individual assessments of each applicant. In some cases, such as that of the plaintiff, the panel members' individual ratings were the same in all three areas. (Id. ¶3). For the individual ratings, each applicant was rated against the criteria. There was no comparison of one applicant against another.  (Id. ¶3).

Plaintiff's highest grade in government service was a GS-14 and her area of expertise appeared to be as an attorney and not as an economist.  (Id. ¶4 ).  For both the managerial requirements and technical requirements, the plaintiff did not address the three requirements individually as directed in the vacancy announcement. (Id. ¶5).

There was never any discussion of the race, sex, age or EEO activity of the plaintiff or any other applicant.   (Id. ¶4 ). Mr. Carlton was unaware of any prior EEO

9

activity by Plaintiff.  (Id. ¶1).

>    **E.    Plaintiff has not shown that the Defendant's legitimate nondiscriminatory reason for its non-selection of Plaintiff was a pretext for unlawful discrimination.**

Once Defendant articulates the reasons for its actions, he prevails unless Plaintiff "succeeds in discrediting the employer's explanation."  See Samii v. Billington, 195 F.3d 1, 3 (D.C. Cir. 1999) (citing Aka v. Washington Hospital Center, 156 F.3d 1284, 1289 (D.C. Cir. 1998)).  "Since the ultimate burden of persuasion in proving race discrimination remains with the plaintiff, summary judgment is appropriate where the employee is unable to satisfy this burden."  Samii, 195 F.3d at 3.  Moreover, simply casting doubt on the employer's proffered justification does not automatically enable Plaintiff to survive summary judgment.  See Aka, 156 F.3d at 1290-91.  Rather, Plaintiff must proffer evidence beyond mere speculations and allegations when refuting the Defendant's legitimate, non-discriminatory reasons for its decisions.  See Brown v. Brody, 199 F.3d 466, 458 (D.C. Cir. 1999).

The mere fact that Plaintiff personally believes that she was the best qualified candidate does not create a dispute of material fact.  Plaintiff cannot establish pretext simply based on her own subjective assessment of her own performance, for "plaintiff's perception of [herself] , and of her work performance, is not relevant."  Waterhouse v. District of Columbia, 124 F. Supp2d 1, 7 (D.D.C. 2000).  "Plaintiff's subjective belief of qualifications is not evidence that can be used to establish that he was qualified for the job."  Harris v. University of the District of Columbia, No. 87-2631 (LFO), 1990 WL 99316 at *5 (D.D.C. July 6, 1990) (citing Morse v. ATT Information Systems, 703 F. Supp. 1072, 1083 (S.D.N.Y. 1989)); see also Carberry v. Monarch Marking Systems,

10

Inc., 30 Fed. Appx. 389, 393, 2002 WL 220634 at *3 (6th Cir. Feb. 11, 2002) ("[i]f plaintiff had merely given his own subjective opinion that he was better qualified then Mr. Driscoll, he would not have presented a jury issue"); Holt v. KMI-Continental, Inc., 95 F.3d 123, 129 (2d Cir. 1996) (cannot show pretext merely by asserting "personal belief" as to most qualified person); Johnson v. University of Wisconsin at Eau Claire, 70 F.3d 469, 481 (7th Cir. 1995); Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988) ("[i]t is the perception of the decision maker which is relevant [to determining pretext], not plaintiff's perception of [himself]."). Here, Plaintiff has no testimony or other evidence of superior qualifications other than her personally held belief.

All the panel members have provided explanations for the reasons for Plaintiff's rating as minimally qualified. Indeed, Plaintiff lacked the experience of the candidates rated best qualified. The panel members also agreed that the Plaintiff's application did not adequately address the requirements identified in the vacancy announcement.

A comparison of the Plaintiff's application and those of the referred candidates, especially the selectee, does not show that the Plaintiff's qualifications were observably superior. Indeed, the opposite is true – those rated well qualified clearly had superior qualifications. The selectee has a Ph. D in economics. He had occupied the position in question on a temporary basis. The other well qualified applicants all had advanced degrees in economics and had extensive analytical and managerial experience. The Plaintiff's qualifications are thus not observably superior to those of the selectee. (R.I. Ex F6, b, c, d & e) Indeed, the record is clear that the Plaintiff lacked both analytical and managerial experience.

Here, Plaintiff sought to serve as the chief economic advisor to the Under

Secretary of Transportation for Policy. She has not shown, however, that she has performed any substantive economic analyses, or economic forecasting in the transportation area since leaving the government in 1987. (R.I. F6a)  Moreover, at the time she left government, the most senior position she held was that of a GM-14.  It is clear that the Plaintiff does not have the depth of experience required to hold such a senior position.

As noted above, Ms. Bachner stated that the Plaintiff  minimally addressed the area of economic analysis.  Ms. Bachner commented that the Plaintiff mentioned some of her experience in economic analysis in passing but did not describe the experience in depth. (ROI Ex F3).   Ms. Bacher also indicated that several applicants on the best qualified list had extensive economics analysis and had worked extensively with senior officials. Ms. Alston stated that the Plaintiff had limited experience in the technical requirement areas and did not adequately address the qualifications requirements.  (R.I. Ex F4)   Finally, Mr. Carlton noted that the Plaintiff's highest grade in government service was a GM-14 and that her area of expertise appeared to be an attorney and not an economist.  (R.I. Ex F5).  Thus, the record demonstrates that the Plaintiff lacked the managerial or technical experience necessary to provide policy recommendations based on economic analysis to the Secretary and Under Secretary of Transportation.

The Plaintiff cites to her legal experience as a positive aspect to her application. (R.I. Ex F7a)   The Plaintiff, however, did not make any showing in her application or qualification brief of the relevance of her legal experience to the technical requirements of the position.  An examination of the Plaintiff's legal career reveals that her experience as a Senior Contract Attorney primarily dealt with document production issues. The

Plaintiff reviewed documents for relevance and worked on privilege and quality control issues. The Plaintiff's experience in the Microsoft Antitrust case and other litigation involved primarily reviewing orders, transcripts, and annotating depositions. There is no indication that Plaintiff performed any economic analysis or substantive legal analysis on the merits of the cases or issues . Plaintiff's application also indicated that she performed similar work in the medical, tobacco, antitrust and criminal price fixing litigation. Neither this experience nor any other legal experience cited in Plaintiff's application reveal any particular relevance to the responsibilities of the senior economics position for which she has applied.. (R.I. Ex A1 at 1-2)   The Plaintiff's failure to explain the manner in which her legal experience addressed the technical requirements of the position is another reason for Plaintiff's rating as minimally qualified.

In addition, the Plaintiff has made no such showing of age discrimination, nor can she. At the time of the selection, the selectee, Jack Wells, was 56 years of age. R.I. Ex G1c. The Plaintiff, at the time of Mr. Well's selection, was 57.  R.I. Ex A1 p3. Therefore, the Plaintiff cannot show with reasonable probability that but for her age she would have been chosen for the position.

Thus, management's articulated reasons for its action are not pretextual, nor is there any evidence in the record to support Plaintiff's contention that her race, gender and/or age were a motivating factor in her non-selection. See generally Barnette v. Chertoff, 453 F.3d 513 (D.C. Cir. 2006)(plaintiff failed to establish pretext because agency is entitled to judge which candidate is better suited for job and, if judging among nuanced differences is required, the employer is assumed to be more capable of assessing the small differences in the qualifications of candidates).

13

## F.    Plaintiff Has Not Established a Claim of Disparate Impact.

The Plaintiff has also made broad allegations that DOT has a disproportionate number of blacks, women and persons under the age of 55 years of age in managerial positions and in the S, as compared to whites and males. (Complaint - CA 2, 3 & 4).

To the extent that Plaintiff may also be alleging a disparate impact claim, such a claim has no merit.  In order to establish a <u>prima</u> <u>facie</u> case of disparate impact, a Plaintiff must show, by a preponderance of the evidence, that an agency practice or policy, while neutral on its face, disproportionately impacted members of his protected class.  Plaintiff must demonstrate this disparate impact through the presentation of statistical evidence that establishes a statistical disparity that is linked to the challenged practice or policy.  <u>Watson v. Fort Worth Bank and Trust</u>, 487 U.S. 977, 994 (1988) (a plaintiff must present "statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion").

Specifically, to establish a <u>prima</u> <u>facie</u> case of disparate impact, Plaintiff must: (1) identify the specific practice or policy challenged; (2) show statistical disparities; and (3) show that the disparity is linked to the challenged practice or policy.  The burden is on Plaintiff to show that "the facially neutral standard in question affects those individuals [within the protected group] in a significantly discriminatory pattern." <u>Dothard v. Rawlinson</u>, 433 U.S. 321, 329 (1977).

Here, Plaintiff has not met her burden. Plaintiff cannot identify any specific practice or policy that causes any alleged disparate impact. Accordingly, Plaintiff has no basis for any disparate impact claim. Moreover, plaintiff has failed to provide any valid statistical analysis, that adequately assesses all the relevant variables, including a relevant

14

analysis of the composition of the qualified applicant pools, in support of her claim.
Whitacre v. Davey, 890 F.2d 1168, 1172 (D.C. Cir. 1989); See also, Berger v. Iron
Workers Reinforced Rodmen Local 201, 843 F.2d 1395 (D.C. Cir.), on rehearing, 852
F.2d 619 (1988), cert. denied, 490 U.S. 1105 (describes the rigorous standards that must
be followed in using statistical evidence in Title VII cases).

### G.    Plaintiff Has Made No Showing of Retaliation

In order to establish a prima facie case of retaliation, the Plaintiff must
demonstrate 1) that she engaged in statutorily protected activity; 2) that the employer
took a materially adverse action such that the action could well dissuade a reasonable
employee from making or supporting a charge of discrimination; and 3) that there was a
causal connection between the two.  *See, e.g.* Burlington Northern & Sante Fe Railway
Co v. White, 126 S Ct 2405, 2410-11 (2006); Broderick v. Donaldson, 437 F 3d 1226,
1231-32 (D.C. Cir 2006); Lee v. Winter, 2006 WL 1981600 (D.D.C. 2006).

The Plaintiff has met the first element of the prima facie case of reprisal in that
she filed a formal complaint of discrimination in 1987.   On October 20, 1987, Plaintiff
filed a lengthy complaint, Reshard v. Slater, (D.D.C. No. 87-2794), with this Court
alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "
2000e-16, et seq.   Numerous motions have been filed and appeals taken and the current
status is that all but one of the plaintiff's claims have been dismissed.  Cross Motions for
Summary Judgment are pending with regard to the sole remaining claim.   (Reshard v
Slater, (D.D.C. No. 87-2794, # 192)

Each of the panel members, as well as Ms. Gauthier, has stated that they were
unaware of the Plaintiff's prior EEO activity.  (R.I. Ex F 2, 3, 4 & 5).  Nor is there any

15

evidence to suggest to the contrary.   The panel members' lack of knowledge of the Plaintiff's prior activity in not surprising given that the Plaintiff's application, the only information available to them, makes no mention of the circumstances surrounding her departure from federal service.

Moreover, Plaintiff cannot establish the requisite causal connection because her prior EEO activity took place nearly 20 years ago and the activity covers allegations going back nearly a quarter of a century. This EEO activity is much too far removed from the instant matter in time to establish the causation. Clark County School District v. Breeden, 532 U.S. 268, 273-74 (2001) (citing with approval cases finding that temporal proximity of more than three months insufficient to demonstrate causal connection between protected activity and challenged action).

## IV.    CONCLUSION

Based on all the foregoing, Defendant submits that summary judgment should be granted for Defendant.

Respectfully submitted,

___/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
Assistant United States Attorney

___/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

___/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

Of Counsel:
Thomas Mahoney
U.S. Department of Transportation

17

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| CONNIE RESHARD,                    ) | |
|                                    ) | |
|         Plaintiff,                 ) | |
|                                    ) | |
|         v.                         ) | Civil Action No. 06-1136 (JGP) |
|                                    ) | |
| NORMAN Y. MINETA,                  ) | |
|                                    ) | |
|         Defendant.                 ) | |
| _____ ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

In accordance with Local Rule 7.1(h), the defendant submits the following

Statement of Material Facts as to Which There is no Genuine Issue.

**Position Announcement**

1.      In January, 2004, the Department of Transportation published a five page

job announcement, Number OST-04-001, for an S position of Director, Office of

Strategic Analysis located in the OST Office of the Assistant Secretary for

Transportation Policy.  (Report of Investigation (R.I.) Ex F6a).

2.      The Announcement described the position as a senior position within the

Department and the duties include serving as the Chief Economic Advisor to the Under

Secretary of Transportation Policy; conducting economic evaluations of significant

regulations affecting transportation; providing policy recommendations based on

economic analysis to the Secretary and Under Secretary; and providing guidance to the

operating administrations on economic assumptions, forecasting and economic analysis.

(Id. at p 2.)

3.    The announcement described the managerial and technical requirements of the position (Id. at p.2-3).

4.    The announcement directed that applicants should file a "Qualifications Brief "that addresses these requirements, as well as personal information, education, work experience and other qualifications.  (Id at p 4-5).

5.    The announcement was amended to extend the closing date for applications to March 31, 2004. (Id. at p. 1).

**The Applications**

6.    The Department received the Plaintiff's application for the position on March 31, 2004.  (ROI EX F7a).

7.    In an April 1, 2004, e-mail the Department acknowledged the receipt of the Plaintiff's application.  (ROI Ex F1 page 6).

8.    The application of Jack Wells indicated that he holds a Ph.D. in Economics from Yale University.  His application showed that he had held a number of senior positions.  These positions included:  Chief Economist, DOT Bureau of Transportation Statistics;  Deputy Administrator of the Federal Railroad Administration; and Senior Democratic Professional Staff Member, subcommittee on Ground Transportation Committee on Transportation and Infrastructure U.S. House of Representatives. (ROI Ex F7b).

9.     The Plaintiff's application indicated that she has a Masters degree in Economics and a Juris Doctor degree from Georgetown University.  She was an economist with the Office of the Secretary, U.S. Department of Transportation from 1977 to 1988.  She held the grade of GM 14 when she left the Department.  From 1988 to date,

2

she has been an attorney in private practice.  (R.I. Ex F7a).

**Administrative Application Process**

10.    Nancy L. Gauthier, a Human Resource Specialist, in OST worked on the processing of the applications.  Affidavit of Nancy L.Gauthier, (R.I. Ex. F1, ¶1)

11.    Ms. Gauthier reviewed the applications for basic qualifications, and afterward sent the applications to a panel for review.  (Id. ¶2)

12.    The panel members compared the applications with the crediting plan and rated and ranked the applicants. This resulted in the creation of a best qualified list which was sent to the Selecting Official (SO), who interviewed all applicants prior to making a selection. (Id. ¶3)

13.    Plaintiff's application reflected that she met the basic qualifications. She was, thereafter, referred to the review panel members, Jane Bachner, Sherri Alston and Bruce Carlton for further review.  The plaintiff did not make the best qualified list based on the review by the panel. (Id. ¶ 4)

14.    The panel rated the applicants as highly qualified (HQ), well qualified (WQ), or minimally qualified (MQ) for the factors involved. The Plaintiff was rated as MQ in each factor. Thus, Plaintiff was not included on the best qualified list.

15.    The selectee in this case, Jack Wells, was subject to further review to ensure that the proper procedures were met.  The United States Office of Personnel Management (OPM) conducted a merit staffing review of the process since the selectee, Jack Wells, had worked as a non-career S employee within the previous three years. Mr. Wells was approved by the Qualifications Review Board at OPM and appointed to the position.  (Id. ¶6)

3

**Final Selection**

16.     The Senior Executive Service Appointment Proposal describes the position's duties and the merit staffing/diversity process plus a summary of the applicants and  also has a description of the top two candidates for the position.  (R.I. Ex. F6e).

17.     The Proposal names Mr. John Wells as the first choice for the position and that recommendation was endorsed by the senior officials.  (R.I. Ex. F6e).

18.     On October 31, 2004, Mr. John Wells was appointed to the position. (R.I. Ex6f).

19.     Mr. Well's is a white male and was 56 years of age at the time of the selection.  (R.I. Ex G1c)

20.     The plaintiff is a black female and was 57 years of age at the time of the selection.  (R.I. Ex A1 p3).

Respectfully submitted,

___/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
Assistant United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

__/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

Of Counsel:
Thomas Mahoney
Office of the General Counsel
U.S. Department of Transportation

5