UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONNIE C. RESHARD,

    Plaintiff,

Versus

THE HONORABLE NORMAN Y. MINETA,
SECRETARY OF TRANSPORTATION,
UNITED STATES DEPARTMENT OF
TRANSPORTATION

    Defendant.
_____/

Civil Case No. 06cv1136
Senior Judge John Garrett Penn

## MOTION FOR REASSIGNMENT OF CASE AND JUDICIAL RECUSAL

1.    Plaintiff respectfully moves the Clerk to reassign this case to another judge based on random selection and the local rules of this Court. This case was assigned to Senior Judge John Garrett Penn because the plaintiff is proceeding *pro se* in a pending related case entitled *Reshard v. Burney (Slater)*, Civil Case No. 87-2794. Pending in *Reshard v. Slater*, is a motion for Senior Judge Penn to recuse himself based on bias against the plaintiff. Therefore, Senior Judge Penn should recuse himself from this case. Points and Authorities are attached hereto.

Dated January 11, 2007



Connie C. Reshard
Plaintiff, *Pro Se*

**RECEIVED**

JAN 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## **POINTS AND AUTHORITIES**

2.     The above style case filed on June 22, 2006 was assigned to Senior Judge John Garrett Penn pursuant to Local Rule Supplement IV (A)(3) and LCVR 40.5.  The case alleges a continuing pattern of racial discrimination, sexual discrimination, and age discrimination and racial discrimination/retaliation dating back to the eighties and going forward against the plaintiff by the United States Department of Transportation.

3.     The related case of *Reshard v. Burnley (Slater),* was filed in 1987 and has been pending for nearly 20 years.  It alleges racial discrimination and retaliation against the plaintiff by the United States Department of Transportation.  **Currently, a motion for judicial recusal is pending and has been pending for several years**.  Federal law requires punctual resolution of all motions and punctual resolution of the case under the Civil Justice Reform Act and under both due process and equal protection of the law.  ***Judicial Notice Emphasis Added.*** *The federal public policy is to resolve these cases.* The attached docket sheet shows that Senior Judge Penn has allowed the case to languish in a manner inconsistent with judicial efficiency and apparently judicial fairness.  Plaintiff's Exhibit 1.  Plaintiff also asserts that the Office of the Clerk specifically assigned the case to Senior Judge Penn in 1987.  I overheard a male clerk ask a female supervisor if he should assign the case to then-District Court Judge John Garrett Penn and the supervisor said yes.  There was nothing random about the process in the first place.

2

4. Further Senior Judge Penn maintains an entrenched bias against the plaintiff as is, in part, evidenced by obvious dismissal of most of the case and such action is inconsistent with federal law and the facts in the case. More than one Assistant U.S. Attorneys did not file a new motion for summary judgment or answer plaintiff's motion for summary judgment, suggesting that they believed that was no legal basis to do so. The current Assistant U.S. Attorney in my view filed a cross-motion for summary judgment for reasons that I believe have nothing to do with justice in *Reshard v. Burnley (Slater)*. **What Senior Judge Penn has been allowed to do for 20 years in this case, I believe any reasonable person under an objective standard of review, would find this outcome as morally and legally reprehensible.** *Emphasis Added.*

5. Plaintiff is not admitted before this Court but plaintiff is a member of the Pennsylvania Bar in good standing. Therefore plaintiff is not your typical *pro se* litigant requiring that the same judge handle a related case.

6. Plaintiff first filed a motion for recusal in *Reshard v. Burnley (Slater)* on September 27, 1989, not docketed until **October 12, 1989**, Docket No. 52. That motion was denied by then-District Court Judge Penn on **January 31, 1994**, Docket No. 67,

7. A motion for recusal filed on May 14, 2003 is still pending, Docket No. 171.

8. The facts in this case grew out of the same facts in *Reshard v. Burnley (Slater)* on a continuing basis of racial discrimination and retaliation. It does not matter if the counts in that case are later proven to be nondiscriminatory as long as the defendant acted in reliance of their validity.

3

**WHEREFORE**, plaintiff urges the Office of the Clerk to reassign this case immediately and that Senior Judge John Garrett Penn recuse himself and not be allowed to act further in this case in the first instance and in the *Reshard v. Burnley (Slater)* in the second instance.

Dated: January 11, 2007

*Connie C. Reshard*
*Plaintiff, Pro Se*
*1435 4th Street, SW*
*Washington, DC 20024*
*202-554-7472*
*202-554-7471 (Fax)*

4