UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CONNIE RESHARD | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1136 (JGP) |
| | ) | |
| MARY E. PETERS[1] | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR REASSIGNMENT OF CASE AND JUDICIAL RECUSAL**

Plaintiff has filed a "Motion for Reassignment of Case and Judicial Recusal" and "moves the Clerk to reassign this case to another Judge based on random selection and the local rules of this Court ". Motion p.1. Plaintiff asserts that the Honorable John G. Penn, also assigned to Plaintiff's related case, Reshard v. Burney (Slater), Civil Case No. 87-2794, should recuse himself from this case based on his bias against Plaintiff.

Plaintiff's current civil action "alleges a continuing pattern of racial discrimination, sexual discrimination and age discrimination and racial discrimination/retaliation dating back to the eighties". Motion, p. 2. Plaintiff asserts that the related case, Reshard v. Burney (Slater) " was filed in 1987 and has been pending for nearly 20 years, and that [i]t alleges racial discrimination and retaliation against Plaintiff by the United States Department of Transportation." Motion p. 2.

---

[1] Pursuant to Fed. R. Civ. P. 25 (d) (1), the Honorable Mary E. Peters, the current Secretary of Transportation, is substituted as Defendant for Norman Y. Mineta, who formerly held this position.

As support for the Motion for Reassignment of Case and Judicial Recusal, Plaintiff argues that she has a pending Motion for Recusal in the related case (Slater), that there was a conversation approximately 20 years ago in the Clerk's office by the members of the Clerk's staff which indicated that the initial assignment of the 1987 case to Judge Penn was improper and that Judge Penn has shown a bias against Plaintiff as demonstrated in Judge Penn's rulings in the 1987 (Slater) case.[2]

Defendant Mary Peters, Secretary, Department of Education, opposes Plaintiff's Motion for Reassignment of Case and Judicial Recusal. Plaintiff cites no statute, authority or case law in support of the Motion for Reassignment of Case and Judicial Recusal.  Plaintiff's Motion is neither supported by an Affidavit or Certificate of Counsel. Indeed, the alleged factual assertions reveal that Plaintiff's Motion is patently without merit. Clearly, these limited factual assertions are insufficient to require reassignment or recusal. Accordingly, Plaintiff is not entitled to any relief and her Motion should be denied.

**ARGUMENT**

A.   **Plaintiff Fails to State Sufficient Grounds for Recusal Pursuant to 28 U.S.C. § 144 and 28 U.S.C.§ 455**

Section 144 requires a trial Judge to recuse himself when a party "files a timely and sufficient affidavit that the Judge before whom the matter is pending has a personal

---

[2] In 1989, Plaintiff filed a recusal motion in the Slater case. In January 1994, this Court denied that motion. (Slater Case Dkt. No. 67). Plaintiff filed an appeal with the United States Court of Appeals for the District of Columbia Circuit.  In a per curium Order dated November 29, 1994, the D.C. Circuit, citing Liteky v. United States, 510 U.S. 540, 555 (1994), ruled that the District Court had properly reviewed the legal sufficiency of the plaintiff's Motion filed pursuant to 28 U.S.C. § 144 and that the plaintiff's allegations failed to establish any bias required for judicial disqualification.

bias or prejudice either against him or in favor of an adverse party" and the affidavit in support "shall state the facts and the reasons for the belief that bias or prejudice exists." Section 144 requires that this affidavit be accompanied by a certificate of counsel of record stating that it is made in good faith.

Plaintiff has filed neither an affidavit nor a certificate of counsel alleging personal bias or prejudice. In SEC v. Loving Spirit, 392 F.3d 486, 496 (D.C. Cir. 2004), the Court held that the attorney's certificate plays a critical role in the recusal process. Counsel's failure to make this certification is grounds for denying the motion. United States v. Sepulveda, 512 F. Supp. 592, 595 (D.D.C. 1981), Coppedge v. United States, 311 F.2d 128, 133 (D.C. Cir 1962). Thus, Plaintiff's failure to file a certificate is by itself sufficient to defeat her Motion.

Further, Plaintiff fails to set forth sufficient facts or circumstances demonstrating personal bias or prejudice. Her statements are, at best, general and conclusory. Bald allegations of bias and prejudice, such as those presented in the instant motion, are insufficient. Loving Spirit Found. Inc., 392 F.3d at 493 (recusal not warranted where party neither alleges that judge "relied on something other than the evidence before him, nor [alleges] that the rulings reflect the kind of 'extreme' bias that could provide a basis for recusal"); Karim-Panahi v. U.S. Congress, Senate and House of Representatives, 105 Fed. Appx. 270, 275 (D.C. Cir. 2004) (discerning no abuse of discretion absent factual allegations or evidence supporting claim of judge's bias or prejudice, or rational basis for questioning her impartiality).

3

Plaintiff has made no showing that would require recusal by Judge Penn. Indeed, Plaintiff's Motion does not meet the standards for recusal pursuant to Section 144 and her Motion should be denied.

In addition, any argument pursuant to 28 U.S.C. § 455 does not provide any support for Plaintiff's attempts to disqualify Judge Penn. The standard in a Section 455 motion is an objective standard. The question is whether a reasonable and informed observer would question the judge's impartiality. See In re Brooks, 383 F.3d 1036, 1043 (D.C. Cir. 2004); United States v. Microsoft Corp., 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam).

In this case, Plaintiff apparently equates unfavorable decisions with bias against her on the basis of past adverse judicial decisions. A Judge's legal decisions are rarely grounds for a claim of bias or impartiality. See Liteky v. United States, 510 U.S. 540, 555 (1994); Cotton v. Washington Metro. Area Transit Auth., 264 F.Supp.2d 39, 42 (D.D.C. 2003) (denying motion for recusal where "claim of bias is predicated entirely upon the [magistrate judge's] rulings with respect to the conduct of discovery in the instant action, and rulings regarding discovery and other issues in three other actions filed by Plaintiffs' counsel"). It is clear that a reasonable person, given the facts presented, would not question Judge Penn's ability to rule impartially in this proceeding. See, e.g., Cobell v. Kempthorne, --- F.3d ---, 2006 WL 1889150 (D.C. Cir. 2006) ("Removal for bias is appropriate . . . only when 'it is so extreme as to display clear inability to render fair judgment.'"). Here, Plaintiff has presented no facts which would warrant a recusal by Judge Penn in this case.

    **B.**    **Plaintiff Fails to State Sufficient Grounds for Reassignment of this Case.**

Plaintiff also alleges that a conversation between two unidentified members of the Clerk's District Court staff approximately 20 years ago establishes that the <u>Slater</u> case was not randomly assigned as required by the Local Rules. Clearly, such a dated and vague allegation cannot establish grounds for recusal or reassignment. If the Plaintiff believed that the proper procedures had not been followed in the assignment of her original case, she should have been more diligent in filing a timely motion regarding this alleged occurrence, rather than waiting almost 20 years to raise the matter. Thus, this untimely allegation provides no basis for a reassignment of this case.

## CONCLUSION

Plaintiff's Motion for Reassignment of Case and Judicial Recusal fails to demonstrate that Judge Penn has exhibited any bias toward Plaintiff in this case. Plaintiff's Motion addresses issues in the 1987 <u>Slater</u> litigation, rather than any issues in this case. Plaintiff's Motion herein constitutes a preemptive strike in which she seeks to avoid any adverse rulings in this litigation. Her Motion lacks any basis in law or fact and should be denied.

Respectfully submitted,

\_\_/s/_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
Assistant United States Attorney


\_/s/_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


\_\_/s/_____

WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7224

 Of Counsel:
THOMAS F. MAHONEY
U.S. Department of Transportation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st February, 2007, that a copy of the foregoing was filed and served by First-Class mail; postage prepaid to:

Connie C. Reshard
1435 4th Street, SW
Washington, DC 20024

                                          __/s/_____
                                          WYNEVA JOHNSON
                                          Assistant United States Attorney
                                          555 4th Street, NW, E-4106
                                          Washington, D.C. 20530
                                          (202) 514-7224