**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ) | | |
| CONNIE RESHARD, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No. 06-1136 (JGP) | |
| ) | | |
| MARY E. PETERS, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed this civil action and alleged that she was discriminated against on the basis of her race (Black), gender (female), age (56) and reprisal (prior EEO activity), when she was not selected for a Senior Executive Service position as Director, Office of Strategic Analysis, United States Department of Transportation.

Defendant moved for summary judgment on the grounds that no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law. Specifically, the undisputed facts revealed that there were three ratings utilized by the review panel in the selection process : highly qualified, well qualified or minimally qualified. The review panel members, Jane H. Bachner, Sheri Y. Alston and Bruce J. Carlton, each came to the independent conclusion that the Plaintiff was only minimally qualified in each of the technical qualification factors. Thus, the Plaintiff did not make the best qualified list and she was not referred to the selecting official for consideration. (ROI, Exs F2, F3, F4 and F5)

In her Response in Opposition to Defendant's Motion for Summary Judgment, the Plaintiff argues that this case is not appropriate for summary judgment because there are genuine issues as to material fact and that discovery is necessary in this case. (Plaintiff's Response ¶¶ 2, 3, 4 and 5). The Plaintiff also claims that the agency did not adequately assess her qualifications. (Plaintiff's Response ¶¶ 7, 10, 13, 14, 15, 16 and 17). The Plaintiff further claims that the government did not address her allegations of retaliation and disparate impact. (Response ¶¶ 5 and 6).

Defendant has addressed the issues raised in the Plaintiff's Response in its Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment. Here, the Plaintiff's Response is long on rhetoric and speculation. The Response lacks any evidence to support the Plaintiff's numerous allegations that there are disputed issues of material fact or that her qualifications for the position of Director, Office of Strategic Analysis were not fairly assessed.

Defendant has met its burden of showing that the selection herein was based on legitimate, non-discriminatory, non-retaliatory reasons and the Plaintiff has failed to present any evidence that the Defendant's stated reasons were a pretext for discrimination. (Memorandum of Points and Authorities in support of Defendant's Motion for Summary Judgment (P&A) at pp. 1-5).

## I.    Summary Judgment Is Appropriate

As noted in Defendant's Memorandum of Points and Authorities, a party is entitled to summary judgment if there is no genuine issue of material fact in dispute. (P&A, pp 2-3). A

response to a summary judgment motion must identify specific facts showing that there is a

genuine issue for trial. Furthermore, to be material, the factual assertion must be capable of

affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by

sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving party.

The adverse party must do more than present mere allegations or denials or some metaphysical

doubt as to the material facts to defeat a properly pled motion for summary judgment.  The

plaintiff must come forward with specific facts showing that there is a genuine issue for trial.

Matsushita Elec. Indus. Co. v .Zenith Radio, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P.

56(e).

## II.      There Are No Genuine Issues of Material Fact in Dispute

The Plaintiff asserts that there are material facts in dispute with regard to the entire

selection process, such as the timing and processing of the applications, persons involved in the

application process,  the selection criteria, the review panel deliberations, the manner in which

the Plaintiff's qualifications was considered and the manner in which Plaintiff's prior EEC

activity was treated.  (Response ¶¶ 4, 5, and 6).

To the contrary, the Defendant's motion presented more than sufficient facts, supported

by affidavits and record evidence which described the application process. The affidavit by

Nancy L. Gauthier, Personnel Officer who processed the applications, describes the application

process.  (Exhibit F2)   Ms. Gauthier stated that there were no deviations from the normal way of

processing or filing vacancies.

The affidavits of the three review panel members  describe the manner in which each

panel member reviewed the applications and set forth the basis for each panel member's rating of

the Plaintiff's application. (Exhibits F2, F3, F4 and F5). The Plaintiff simply does not agree

with the conclusions reached by the panel members. The Plaintiff has failed to establish that

there is a genuine issue of material fact in dispute with regard to the manner in which the

applications were processed.

The Plaintiff has also alleged that there is a factual dispute with regard to the manner in

which her prior EEO activity was treated during the evaluation of her application. The affidavits

of all three panel members indicate that they had no knowledge of the Plaintiff's prior EEO

activity. In addition, there was never any discussion of the race, age, sex or prior EEO activity of

the Plaintiff or any other applicant. (Exhibits F 2, F3, F4 and F5). Other than speculation by the

Plaintiff that is unsupported by facts or evidence, there is no basis to question the accuracy of

these affidavits.

The Plaintiff then asserts that there are disputed material facts with regard to the time line

for applications, the timing of and persons involved in the rating criteria, whether the rating

criteria were modified and the date of the appointment of the selectee to the position. (Response

¶¶ 15, 18). The Plaintiff has not submitted any evidence to establish a dispute as to these matters

that would warrant discovery. First of all, the amended vacancy announcement provides a closing

date for applications. This amended vacancy announcement also contains a position description,

lists the managerial and technical requirements; describes the manner in which the applicants

will be evaluated and describes the procedures for an application for the position (Exhibit F6a).

The Selecting Official signed the Selection Certificate on June 14, 2004. (Exhibit F6c). The

approval date in the Notification of Personnel Action is November 5, 2004. (Exhibit F6f).Thus,

these are clearly factual matters which cannot be disputed..

Finally, the Plaintiff's Response entitled "Genuine Issues of Fact' does not address any genuine issue of material fact in dispute. Rather, the Plaintiff's response is her own subjective characterization of her qualifications. She simply argues that the agency's assessment of her qualifications was incorrect. She argues that the agency's assessment and analysis of her qualifications are factual disputes suitable for discovery. (Response para 12, 13, 14). Plaintiff simply disagrees with the decision reached by the review panel.

The Plaintiff's and the Selectee's applications are part of the record and contain the facts and material upon which the panel members based the assessment of the Plaintiff's qualifications. The panel members' affidavits referred to above describe the process by which their conclusions were drawn. Thus, there are no disputed material issues of fact which warrant the denial of summary judgment.

## III.    Plaintiff's Qualifications

Plaintiff argues that her prior economic experience and legal background were not properly assessed in her application. She asserts that the announcement did not require that an applicant have current activity or cutting edge experience in the field of economic analysis, or state that current expertise would enhance an applicant's ability to perform the job in a superior manner. (Response ¶¶ 7 and 8).

Plaintiff's application indicated that she had performed economic analysis work prior to 1988. Given the importance of the position as a Senior Advisor to the Under Secretary, it is certainly reasonable for the Defendant to require or to seek to fill the position with a candidate who has current or cutting edge experience in the field. The Plaintiff argues that her legal background is pertinent to the analytical work the position requires and she cites to her work on

various mergers, etc. as evidence of its relevance. As the Defendant pointed out in its Motion, however,  the description given indicates that Plaintiff's experience involved document review and production issues.  The Plaintiff's application did not explain the manner in which her legal experience addressed the requirements of the position. (See P&A pp 12 -13).  Indeed, in her Response to Opposition, the Plaintiff has again failed to provide any information as to the manner in which her legal experience addressed the requirements of the position.

By contrast, the record shows that the selectee has a Ph.D. in economics.  In addition, for over 20 years, the selectee has held increasingly responsible positions in this field as Chief Economist of the Department's Bureau of Transportation Statistics (BTS); Deputy Administrator, Federal Railroad Administration; several senior staff positions on the United States House of Representatives' Committee on Transportation and Infrastructure and the Committee on Public Works and Transportation; as well as a number of senior staff positions at the General Accounting Office.

The Plaintiff attempts to argue that the selectee's role as the Chief Economist at BTS was as that of a mere data collector. To the contrary, as Chief Economist, the selectee was responsible for overseeing BTS's economic analysis and research projects, including work on international economic competitiveness, transportation satellite accounts, capital stock accounts, and productivity of transportation.  He was also active on a number of other BTS issues, and in congressional affairs.  (Exhibit F7b).  These activities cannot be described as the duties of a mere data collector and the Plaintiff's argument lacks merit.

Plaintiff further argues that  the managerial requirements for the position could be effectively performed by the delegation of authority  and attendance at meetings.  Plaintiff

apparently believes that the Director of the Office of Economic and Strategic Analysis is not required to perform economic analysis. Rather, the Plaintiff believes that the Director is only required to attend meetings, hire good staff, delegate responsibility and review their work. (Response ¶¶ 10, 13, 14, 15, 16 and 17.).  To the contrary, the Director serves as a Senior Economic Advisor.  The Department fully anticipates that the Director will perform or be capable of performing substantive independent economic analysis which the Plaintiff lacked the qualifications to perform. (P&A, pp. 11-13).

Plaintiff's  personally held belief that she is the best qualified candidate for position does not create a dispute of material fact.  Her subjective judgment of her performance is not sufficient to establish pretext.  Waterhouse v. District of Columbia, 124 F.Supp.2d 1, 7 (D.D.C. 2000), aff'd, 298 F.3d 989 (D.C. Cir. 2002) (citing Smith v. Chamber of Commence of the United States, 645 F.Supp. 604, 608 (D.D.C. 1986)).  Plaintiff has not provided the Court with any credible evidence of pretext.   All the panel members agreed, after each made an independent review of her application, that she was only minimally qualified for the job, that she lacked the experience of the highly rated candidates and that she did not adequately address the requirements of the vacancy announcement. (P&A at pp 10 - 13).   Other than to disagree with the panel members' conclusions, the Plaintiff  has not presented any additional facts or evidence to rebut these conclusions.

**IV.    Plaintiff Has Not Established a Claim of Retaliation or Disparate Impact**

Plaintiff further claims that the Defendant did not address the retaliation issue with regard to her prior EEO activity.  She claims that the Under Secretary of Transportation Jeffrey Shane must have known that she was in the pool of applicants.  (Response ¶¶ 5 and 6).

The retaliation claim was addressed in Defendant's Memorandum at pp 15-16. As set forth above, the record makes clear that the review panel members and the personnel officer assigned to this case were unaware of plaintiff's prior EEO activity. They all state that there was no consideration given to any candidates' race, sex, age, or EEO activity. The record also makes clear that the Under Secretary only received the list of the final candidates for the position and the Plaintiff's name was not on that list. (Exhibit F6c). Thus, mere speculation with regard to the Under Secretary's knowledge of the other applicants who were not on the best qualified list is just speculation unsupported by any evidence.

Furthermore, the Plaintiff's prior EEO activity is too remote in time from the current controversy to establish a causal connection between the protected activity and the challenged action. The prior EEO activity took place almost 20 years ago and the activity covers allegations that occurred nearly a quarter of a century ago. This time period is well beyond the time frame generally applied to determine if there is a causal connection between the protected activity and the challenged action, (See Motion, at pp 15-16). The Plaintiff's Response fails to provide any credible evidence in support for her claim of retaliation.

Plaintiff also failed to establish a prima facie case of disparate impact. In her response, the Plaintiff has not identified any specific practice or policy that causes any alleged disparate impact or produced any analysis to support her allegation. Without such evidence, the claim must fail.

## V.    Conclusion

Based on all the foregoing, and its previous Memoranda, the Defendant requests

that Summary Judgment be entered in this case.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W., E- 4106
Washington, D.C. 20530

Of Counsel:
Thomas Mahoney
Office of the General Counsel
U.S. Department of Transportation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of April, 2007, that a copy of the

foregoing was filed and served by First-Class mail; postage prepaid to:


CONNIE C. RESHARD
1435 4th Street, SW
Washington, DC 20024


/s/
WYNEVA JOHNSON
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., E-4106
Washington, D.C. 20530